[Crim. No. 16078. First Dist., Div. Three. Nov. 17, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN EARL DOYLE, Defendant and Appellant.

## COUNSEL

Paul N. Halvonik, State Public Defender, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, Michael G. Millman and Jaime Alcabes, Deputy State Public Defenders, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SCOTT, Acting P. J.**—John Doyle was convicted upon his plea of guilty to two counts of violating Insurance Code section 556, subdivision (a) (presenting a false and fraudulent claim to an insurance company) and one count of violating Penal Code section 487 (grand theft). On appeal he contends that the court erred in denying his motion to suppress certain evidence (Pen. Code, § 1538.5).

The evidence sought to be suppressed was taken without a search warrant from the office of an attorney with his consent. The district attorney investigator seized the attorney's clients' files pertaining to personal injury actions, a typewriter and a bank statement of the attorney. Doyle, a nonlawyer, was an office manager and investigator employed by the attorney. He was not a client, and although present at the time of the search, he did not consent thereto.

■ Appellant contends that since there was no consent to the search by the clients, there was no valid consent to the seizure of the files. We agree. Initially, we note that a defendant may suppress all illegally obtained evidence sought to be used against him, whether or not it was obtained in violation of that particular defendant's constitutional rights. (*People* v. *Martin* (1955) 45 Cal.2d 755, 761 [290 P.2d 855]; *Kaplan* v. *Superior Court* (1971) 6 Cal.3d 150, 155-162 [98 Cal.Rptr. 649, 491 P.2d 1].) Thus, there is no question of appellant's standing to raise the issue of the validity of consent and the legality of the search of the clients' files.

There is no question here that the attorney's clients did not consent to the search of their files. Such consent was essential in that the clients have a reasonable expectation of privacy as to the information maintained by their attorney in their files. (See *Burrows* v. *Superior Court* (1974) 13 Cal.3d 238 [118 Cal.Rptr. 166, 529 P.2d 590]; *People* v. *McKunes* (1975) 51 Cal.App.3d 487 [124 Cal.Rptr. 126].) The expectation of privacy is not predicated upon whether the material in the files falls within the attorney-client privilege (Evid. Code, § 950 et seq.). In any event, if the clients were involved in an insurance fraud, it is doubtful that the contents of the files would be privileged in the face of a search warrant (see Evid. Code, § 956).

Certainly if a bank depositor (Burrows) or a telephone company subscriber (McKunes) is deemed to have a reasonable expectation of privacy as to his bank records or records of telephone calls, then a client should reasonably have the same, or greater, expectation of privacy as to his files maintained by his attorney, whether or not these files are confidential for purposes of the attorney-client privilege. Thus, for the reasons given in *Burrows,* the consent of an attorney would be ineffective and the search of clients' files violative of their rights under the California Constitution, article I, section 13. However, these clients had no reasonable expectation of privacy, nor any interest in either the typewriter or the firm's bank statement seized by the police; as to these items apparently only the attorney's rights were involved. Thus, his blanket consent to a search by police was only effective as to those two items. As a result, the trial court should properly have suppressed all clients' files but permitted the introduction into evidence of other items seized pursuant to the attorney's consent.

The doctrine of harmless error is not applicable. (*People* v. *Hill* (1974) 12 Cal.3d 731 [117 Cal.Rptr. 393, 528 P.2d 1].)

The judgment is reversed. The cause is remanded with directions that upon motion by appellant, within 30 days of the finality of this decision, the court shall vacate the guilty pleas and reinstate all charges contained in the information. If appellant fails to so move or waives his right, the court is directed to reinstate the judgment.

Feinberg, J., and Draper, J.,* concurred.

A petition for a rehearing was denied December 16, 1977, and respondent's petition for a hearing by the Supreme Court was denied January 13, 1978.

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.